**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**MICHAEL C. PETTY**                                                              **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO.: 1:11cv16-JMR**

**MIKE BOYD, et al.**                                                          **DEFENDANTS**

_____

**MEMORANDUM OPINION**

This matter came to be heard on the Motion [19-1] for Summary Judgment filed on behalf of Ken Broadus, Mike Byrd and Chad Powell ("Defendants") on March 25, 2011. The Defendants' Motion was accompanied by a Memorandum [20-1] in Support thereof. To date, the Plaintiff has not filed a response in opposition. The Court being fully advised in the premises, and after a full review and consideration of the record, the parties' submissions, the pleadings on file and the applicable law, finds that the Defendants' Motion [19-1] for Summary Judgment is well-taken and should be granted. Accordingly, all claims against Defendants should be dismissed with prejudice. Furthermore, the Court finds that Plaintiff's claims against any remaining unserved defendants should be dismissed with prejudice.

**FACTS:**

Plaintiff Michael C. Petty ("Petty") filed this *pro se* Complaint on January 14, 2011, alleging violations of his civil rights pursuant to 42 U.S.C. § 1983, while being held as a pretrial detainee at the Jackson County Adult Detention Center ("JCADC"). In late 2006, while incarcerated at JCADC,

Petty alleges that another inmate beat him with some type of object leaving him unconscious.[1] (*See* Pl.'s Compl.) Petty was later woken by Officer Paul Mason and, as the officer realized Petty required medical attention, was taken to the Singing River Hospital in Pascagoula, Mississippi. Petty was hospitalized for six days with a broken eye socket and other facial injuries.

Petty alleges defendant Byrd is liable for failing to protect him from violence at the hands of another inmate and for failing to provide him with adequate medical attention following the assault. Petty also contends that he was subjected to unconstitutional conditions of confinement during his detention at the JCADC. Specifically, Plaintiff alleges that at his time of incarceration in the JCADC, the facility was overcrowded.

Petty alleges defendant Broadus is liable for failing to provide him with adequate medical attention following the assault and failure to follow appropriate procedures in his investigation of the assault. Petty alleges that defendant Powell is likewise liable for failing to provide him with adequate medical attention following the assault. Claims against the remaining defendants consist of similar allegations: failure to provide adequate medical attention following the assault and failure to follow appropriate procedure in the investigation of the assault.

Petty filed his original Complaint [1-1] against defendants Mike Byrd, Ken Broadus and Medical Staff. On February 2, 2011, the Court entered an Order [6-1] directing Petty to file a response clarifying the named defendants and providing specific information regarding his claims. Petty filed a written Response [9-1] to the Court's Order on February 15, 2011. Thereafter, the Court by Order [10-1] determined that the named defendants were Mike Byrd, Ken Broadus, Sonia Unknown, Chad Powell and John Does. Summons were issued to the named defendants the next day,

---

[1] The exact date of the attack is unknown; several dates are given in Petty's original Complaint [1-1], Petty supplied another date at the Omnibus Hearing on August 3, 2004, and the "Incident Report" attached to Defendants' Motion [19-5] for Summary Judgment gives another.

February 16, 2011. On March 15, 2011, Defendants filed their Answer [14-1] and then on March 21, 2011, Defendants filed their Motion [17-1] for Summary Judgment and Memorandum [18-1] in Support thereof. However, as the Motion [17-1] and supporting Memorandum [18-1] were not dated pursuant to FED. R. CIV. P. 84, appendix form 2, the Court requested that conforming documents be re-filed. Thereafter, the Defendants filed the present Motion [19-1] for Summary Judgment and Memorandum [20-1] in Support on March 25, 2011, seeking summary judgment based on the statute of limitations. A *Spears* hearing was held on August 3, 2011; at the hearing, both parties consented to a trial by magistrate judge.[2] (*See* Order [34].)

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c). "The mere existence of a factual dispute does not by itself preclude the granting of summary judgment." *St. Amant v. Benoit*, 806 F.2d 1294, 1296-97 (5th Cir. 1987). "The requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). In other words, "[o]nly disputes over the facts that might effect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Furthermore, it is well settled in this circuit that "[b]are bones allegations are insufficient to withstand summary judgment because the opposing party must counter factual allegations by the moving party with specific, factual disputes; mere general allegations are not a sufficient response.'" *Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir. 1986) (*quoting Nicholas Acoustics Specialty Co. v. H & M Constr. Co.*, 695

---

[2] *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

F.2d 839, 845 (5th Cir. 1983)).

In considering a motion for summary judgment, the trial court views the evidence "'in the light most favorable to the party resisting the motion.'" *Seacor Holdings, Inc. v. Commonwealth Ins. Co.*, 635 F.3d 675, 680 (5th Cir. 2011)(quoting *Trevino v. Celanese Corp.*, 701 F.2d 397, 407 (5th Cir. 1983)). To survive summary judgment, the non-movant must demonstrate the existence of a disputed issue of material fact. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 247-48 (1986). To avoid the entry of summary judgment, the non-moving party must bring forth significant probative evidence demonstrating the existence of a triable issue of fact. *See Howard*, 783 F.2d at 1315.

## ANALYSIS

42 U.S.C. § 1983 imposes liability upon any person who, acting under the color of state law, deprives another of federally protected rights. Therefore, section 1983 affords a remedy to those who suffer, as a result of state action, deprivation of rights, privileges, or immunities secured by the Constitution and the Laws of the United States. *White v. Thomas*, 660 F. 2d 680, 693 (5th Cir. 1981). A plaintiff cannot succeed merely by showing any deprivation of any rights; section 1983 was intended to protect only those rights secured by federal law. *Karmi-Panahi v. Los Angles Police Dept.*, 839 F. 2d 621 (9th Cir. 1988); *Wright v. Collins*, 766 F.2d 841 (5th Cir. 1985).

The applicable statute of limitations for claims arising under 42 U.S.C. § 1983 is determined by the forum state's statute for personal injury claims. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Price v. City of San Antonio*, 431 F3d 890, 892 (5th Cir. 2005). Accordingly, a Mississippi plaintiff's section 1983 claims are governed by Mississippi's general statute of limitations, requiring commencement of an action within three years of accrual. M<span>ISS</span>. C<span>ODE</span> A<span>NN</span>. § 15-1-49; *See also*, *James v. Sadler*, 909 F.2d 834, 836 (5th Cir. 1990)(finding that in section 1983 suits, "the three year residual period provided by Section 15-1-49, Miss. Code. Ann. applies"). There are certain events

and conditions that when present will toll the statutory period, however the running of the statute cannot be tolled by a plaintiff's illiteracy and ignorance. *Corbett v. Barr*, 273 F.3d 1099, 2001 WL 1070980 *1 (5th Cir. 2001); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991).

Although the applicable statute of limitations is determined by reference to state law, the accrual date of a section 1983 cause of action triggering the statutory period is controlled solely by federal law. *Wallace*, 549 U.S. at 388. The standard rule under federal law is that a cause of action accrues "when the plaintiff has a complete and present cause of action." *Wallace*, 549 U.S. at 388. A "complete and present cause of action" manifests when "'the Plaintiff can file suit and obtain relief.'" *Id.*(quoting *Wallace*, 549 U.S. at 388). In other words, the claim accrues at the moment a plaintiff "becomes aware that he has suffered an injury or has sufficient information to know he has been injured." *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir. 1987).

The Defendants assert that Petty's claims are time-barred and should be dismissed with prejudice. This Court agrees. In his original Complaint [1-1], Petty gives conflicting dates for the time of the actual injury. On the form provided to prisoners filing a section 1983 cause of action, Petty's response to "Statement of Claim," states that the injury occurred "on or about Set. 2010." (Pl.'s Compl. [1-1] 4). However, in response to "General Information" part F(3), "State the date your claims were presented:," Petty answers, "at or on about [sic] Sept. 06." (Pl.'s Compl. [1-1] 3).

To resolve the discordant dates submitted by Petty's original Complaint [1-1], the Court looks no further than to Petty's own later admissions. As noted in the Court's Order [34-1] on Omnibus Hearing Proceedings, Petty admitted before the Court at the hearing held on August 3, 2011 that he sustained his injuries as a result of an assault in September of 2006. Though the Court would presume Petty would surely know the date of his alleged injury, there is evidence in the record to indicate otherwise. According to the JCADC Incident Form attached to Defendants' Motion [19-

1] for Summary Judgement, the reporting officer recorded the date of the attack as October 15, 2006. (Ex. "5" Attach. [19-5] Mot. Summ. J. 1). The Court, giving Petty the benefit of the most favorable date in the record, and recognizing his claim that he was unconscious for six days following the incident, will liberally assume Petty became "aware that he [had] suffered an injury" on October 31, 2006. *Helton*, 832 F.2d at 335.

Petty's original Complaint [1-1] was filed January 14, 2011, some 1,171 days after October 31, 2006, the date of accrual of his claim triggering the applicable statute of limitations; the Complaint [1-1] was filed seventy-six days after the three year period. Despite Petty's defense that his illiteracy and ignorance of the law prevented him from asserting his claim within the limitation period, the Fifth Circuit does not recognize illiteracy or ignorance as exceptions to the statutory period. *Corbett v. Barr*, 273 F.3d 1099, 2001 WL 1070980 *1 (5th Cir. 2001); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991). Accordingly, the Court finds that Petty's Complaint is time-barred pursuant to MISS. CODE ANN. § 15-1-49, and all claims against Defendants and defendant Sonia unknown and defendants John Does should be dismissed with prejudice.

## CONCLUSION

After considering the evidence in the record along with all applicable and relevant law, the Court concludes that Plaintiff has failed to meet his burden of demonstrating any genuine issues of material fact that his claims against all defendants are not barred by the applicable statute of limitations. Therefore, this Court finds the Defendants' Motion [19-1] for Summary Judgment should be granted, and that all claims against the Defendants and defendants Sonia Unknown and John Does should be dismissed with prejudice. Accordingly, this Court finds this case should be dismissed with prejudice.

**SO ORDERED**, this the   31st   day of August, 2011.

                                     *s/ John M. Roper, Sr.*
                         CHIEF UNITED STATES MAGISTRATE JUDGE